UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-00141-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ACEVEDO CARPENTER ) | |
| ) | |

This matter is before the court on defendant's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 44.) This statute permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

By way of background, in 2007 and pursuant to a plea agreement, defendant pled guilty to one count of distribution of 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). In January 2008, at sentencing, the court sustained the government's objections to the presentence report. (See Minutes, DE # 28.) The court found defendant accountable for 110.4 grams of crack and determined that defendant's offense level was 30. (PSR ¶¶ 5-7, 30.) At that time, the statutory mandatory minimum term of imprisonment was 10 years. See 21 U.S.C. § 841(b)(1)(A)(iii) (2002). Accordingly, with a criminal history category of I, (PSR ¶ 12), defendant's guideline range of imprisonment was 120 to 121 months. U.S.S.G. Ch. 5, Pt. A (sentencing table with imprisonment range of 97-121 months, without regard to the

statutory mandatory minimum), § 5G1.1(c) (2007) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."). (See also Mot., DE # 44, at 2.) The court sentenced defendant to 120 months imprisonment. Defendant appealed, but, on unopposed motion, the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 33.)

In July 2008, defendant filed *pro se* a § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the sentencing guidelines, which reduced offense levels for crack offenses. (DE # 36.) Because Amendment 706 was in effect at the time of defendant's sentencing, defendant received the benefit of that Amendment, and the court denied his motion. (DE # 40.)

With the instant motion, filed with the assistance of counsel, defendant seeks a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines and the Fair Sentencing Act of 2010 ("FSA"). The FSA increased the amount of crack to trigger the statutory mandatory minimum terms of imprisonment. See Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In turn, Amendment 750 to the sentencing guidelines further lowered offense levels for crack offenses, with Amendment 759 making Amendment 750 retroactive. See U.S.S.G. App. C (2011). Defendant argues that with these statutory and guideline amendments, the FSA's mandatory minimum term of imprisonment of five years is now applicable, and his guideline imprisonment range has been reduced to 63 to 78 months. (Mot., DE # 44, at 3.) The government opposes the motion.[1]

---

[1] In accordance with this district's practice, the Probation Office reviewed the motion and submitted to the court a proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written

(continued...)

The extent of any relief turns on whether the statutory mandatory minimum in place at the time of defendant's sentencing applies or whether the amended one, that being, five years pursuant to the FSA, applies. Because defendant's sentencing preceded 3 August 2010, the effective date of the FSA, the FSA does not apply. See United States v. Mouzone, 687 F.3d 207, 221 (4th Cir. 2012) ("[T]he [FSA] applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (quoting Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012); citing also United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011))); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (recognizing that on a motion for a reduction of sentence under § 3582(c)(2), "the recalculation of the guidelines and the reduction of the sentence are not considered a full resentencing by the court"). Therefore, the statutory mandatory minimum term of imprisonment remains 10 years. While application of the recent guideline amendments produces a lower range of imprisonment, i.e., 63 to 78 months, because of the 10-year statutory mandatory minimum, the applicable "range" is 120 months. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). That "range" is exactly the sentence defendant received in 2008.

---

[1](...continued)
response to the instant motion.

Accordingly, defendant's sentence of imprisonment will not be reduced.

Defendant's motion is DENIED.

This 11 June 2013.

　　　　　　　　　　　　　　　　　　　　/s/ W. Earl Britt
　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge